**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**RICHARD GARDNER SR.,**
**Claimant Below, Petitioner**

vs.)    No. 19-0910 (BOR Appeal No. 2054340)
                    (Claim No. 2018003074)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Richard Gardner Sr., by counsel Robert L. Stultz, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Murray American Energy, Inc., by counsel David K. Liberati and Aimee M. Stern, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted Mr. Gardner a 10% permanent partial disability award on March 6, 2018. On June 6, 2019, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the award granted by the claims administrator. This appeal arises from the Board of Review's Order dated September 18, 2019, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gardner filed a claim for occupational pneumoconiosis benefits on July 17, 2017. He reported that he was exposed to dust while working in the State of West Virginia for over forty years. In support of his claim, he submitted the results of his medical examination conducted at East Ohio Regional Hospital on May 31, 2017. The examination included an x-ray, pulmonary function studies, and a blood gas study. The chest x-ray read by Jeffrey S. Unger, M.D., indicated interstitial opacities of 0/1, which is not consistent with the degree characterizing pneumoconiosis. Melvin Saludes, M.D., interpreted the pulmonary function studies and the arterial blood gas studies in conjunction with the x-ray, and made the following comments in the report:

1

"PLAN:

This patient does have findings consistent with mild obstructive lung disease. The etiology for this could be COPD related to coal dust exposure and smoking. Asthma is also a consideration that needs to be evaluated. . . Based on those findings, he has significant pulmonary impairment that would put him at a level of about 20-25% based on Table 85-20A.

ASSESSMENT:

No evidence for simple/medical pneumoconiosis. I based this on his chest x-ray showing S and T opacifications with a 0/1 profusion, which is considered negative for pneumoconiosis. He does have obstructive lung disease to a mild degree, which could be exacerbated by underlying asthma or coal dust exposure."

Dr. Saludes also noted that Mr. Gardner smoked for nearly forty years.

The claims administrator issued its nonmedical finding on October 6, 2017, determining that Mr. Gardner's claim was a presumptive claim. He was referred to the Occupational Pneumoconiosis Board ("OP Board") for evaluation. On January 11, 2018, he was examined at the CAMC Lung Center and diagnosed with 10% pulmonary function impairment attributable to occupational pneumoconiosis. In its findings, the OP Board noted that the diagnosis was made due to the diffusion studies conducted on January 11, 2018. The OP Board's chest x-ray showed insufficient pleural or parenchymal changes to establish a diagnosis of occupational pneumoconiosis. It was also noted that Mr. Gardner has a significant smoking history.

The claims administrator issued an Order dated March 6, 2018, which granted 10% permanent partial disability for occupational pneumoconiosis in accordance with the findings of the OP Board dated January 11, 2018. Mr. Gardner protested the claims administrator's decision by arguing that he must be awarded benefits based upon the reliable evidence showing the highest degree of impairment, which is 25% impairment.

At the OP Board hearing on June 6, 2018, Jack L. Kinder, M.D., testified that the studies relied on by the OP Board were valid and reproducible and indicated an overall degree of impairment of approximately 15% based upon the post bronchodilator ratio of 70. Dr. Kinder also testified that the OP Board's diffusion study revealed an overall impairment of 20% based upon the OP Board's diffusing capacity for carbon monoxide ("DLCO") test. Dr. Kinder was asked to review the medical records from East Ohio Regional Hospital. Dr. Kinder summarized his testimony by stating:

"This is a presumptive claim. I don't believe that half of his disease I could relate to his pneumoconiosis or his occupational exposure, but presumptively, I believe 10% is an appropriate recommendation."

2

Mallinath Kayi, M.D., agreed with Dr. Kinder's assessment that Mr. Gardner is only entitled to a permanent partial disability award of 10% attributable to occupational pneumoconiosis.

On April 3, 2019, John A. Willis, M.D., testified at the final OP Board hearing that the x-ray taken by the OP Board was "basically a negative chest film." In reviewing the medical evidence submitted, Dr. Kinder testified:

> "In this case, the gentleman had smoked approximately 25 years at a 1/3 pack a day according to our report. In the other reports that I have found, there was a 40 year at a ½ pack a day, a 39 year at a ¼ pack a day. So, I believe he has smoked a significant amount. Whichever one you wish to use as his actual representation, but I believe that smoking-induced lung disease is causing the remainder of his pulmonary problem."

Bradley Henry, M.D., agreed with Dr. Kinder's assessment and testified that he would attribute 10% impairment to pneumoconiosis based upon the present record.

On June 6, 2019, the Office of Judges affirmed the claims administrator's Order dated March 6, 2018. The Office of Judges determined that the OP Board was not clearly wrong in finding that Mr. Gardner had 10% impairment due to occupational pneumoconiosis. Although the OP Board noted that the East Ohio Regional study had the best volumes that showed overall impairment of 25%, the OP Board concluded that only 10% of Mr. Gardner's impairment was attributable to occupational pneumoconiosis. Smoking induced lung disease was specifically identified as the cause of the remainder of Mr. Gardner's pulmonary problem. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the granting of a 10% award in an Order dated September 18, 2019.

After review, we agree with the findings and conclusions of the Office of Judges, as affirmed by the Board of Review. The OP Board acknowledged that the East Ohio Regional Hospital studies had higher volumes that demonstrated overall impairment to be 25%. However, the OP Board also considered its own negative x-ray, which was insufficient for a diagnosis of pneumoconiosis, as well as Mr. Gardner's substantial history of cigarette smoking, to conclude that only 10% of his overall impairment is due to occupational pneumoconiosis. The remaining amount of impairment is attributable to smoking-induced lung disease.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 19, 2021**


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton